**FILED**
September 26, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____SL_____
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

UNITED STATES OF AMERICA,

v.

KAMO KIRAKOSYAN,

Defendant.

Case Number: 1:24-MJ-457

## AFFIDAVIT IN SUPPORT OF REQUEST FOR EXTRADITION

I, William Clarence Moulds, being duly sworn, depose, and state:

1. I am a citizen of the United States.

2. I make this affidavit in support of the request of the United States of America to the Federal Republic of Germany for the extradition of KAMO KIRAKOSYAN.

3. I am employed as a Special Agent of the U.S. Department of Commerce, Bureau of Industry and Security, assigned to San Antonio, and have been employed with Bureau of Industry and Security since July 2015. I am empowered by law to investigate and make arrests for offenses involving the unlawful export of goods and technology to destinations outside the United States. Prior to this, I was employed as a Border Patrol Agent with the U.S. Department of Homeland Security, Customs and Border Protection, U.S. Border Patrol, from July 2011 to July 2015. I am familiar with criminal conspiracies designed to violate U.S. export control laws, including via the illegal transshipment of controlled U.S.-origin goods through third-party countries. Among other things, the members of such organized criminal enterprises often use intermediary purchasers to conceal the intended end users or countries from manufacturers and shippers, use various means of electronic communication (such as e-mail) to coordinate criminal activities, and engage in financial transactions intended to conceal the nature, source, and

1

intended uses of criminal funds and proceeds. My training and experience include obtaining criminal complaints and testifying in court or before grand juries in export control cases.

4. My duties as a Special Agent with Bureau of Industry and Security have included the investigation of KAMO KIRAKOSYAN (hereinafter, "KIRAKOSYAN"), an Armenian national, in the case of *United States of America v. Kamo Kirakosyan*, Case Number 1:24-MJ-457 (SH) in the Western District of Texas. As one of the lead investigators, I am familiar with the facts and evidence in the investigation involving the criminal activities of KIRAKOSYAN.

5. The information contained in this affidavit is based, in part, on my personal knowledge and observations during the course of this investigation, information provided to me by other law enforcement agents, and a review of various documents and records. For example, these investigative efforts have included the review of substantial digital evidence from multiple email accounts, financial records, shipping documents, government records, and other documents. Additionally, this affidavit is based upon my training and experience as well as that of other law enforcement agents working with me in this investigation. The dates listed in the affidavit should be read as "on or about" dates. This affidavit is intended to show that there is sufficient evidence for extradition and does not purport to set forth all of the information about which I, or collectively, the other law enforcement agents involved in this investigation, have regarding this investigation and criminal case. All translations are in draft form and subject to further revision.

6. On July 31, 2024, U.S. Department of Commerce, Bureau of Industry and Security, Office of Export Enforcement Special Agent Morgan Humphrey presented and swore under oath a Complaint and affidavit in 1:24-mj-00457-SH against KIRAKOSYAN, and an arrest warrant was issued. KIRAKOSYAN was arrested in Germany on August 21, 2024

pursuant to a provisional arrest request by the United States. On September 5, 2024, I submitted and swore to an Amended Complaint, and an amended arrest warrant was issued by U.S. Magistrate Judge Dustin M. Howell. The U.S. District Court for the Western District of Texas has since issued an Amended Complaint and arrest warrant, (Exhibits A and B to Assistant U.S. Attorney G. Karthik Srinivasan's Affidavit). I was the author of the affidavit of probable cause submitted with the Amended Complaint.

7. As set forth in the affidavit of Assistant United States Attorney G. Karthik Srinivasan and the Amended Complaint, KIRAKOSYAN has been charged with six counts of violating U.S. law.

8. In Count One, KIRAKOSYAN has been charged with conspiracy to violate U.S. law. The Amended Complaint in its entirety describes the background of the conspiracy, the participants in the criminal enterprise, specific criminal acts taken in furtherance of the conspiracy, additional overt acts in furtherance of the conspiracy, communications among the co-conspirators, communications between the co-conspirators and U.S. persons, and additional details. Among the details described in the Amended Complaint are:

    a. An overview of the scope and scale of the criminal conduct. (Amended Complaint paragraphs 39-41);

    b. The co-conspirators' successful effort to export from the United States and re-export to Russia a U.S. Company 1 Matrixx Standard HiPIMS Switch-1 Input > 4 Outputs on or about May 17, 2022. The Amended Complaint further describes Federal State Unitary Enterprise "Central Research Institute of Chemistry and Mechanics" ("TsNIIKhM") as the likely end user. (Amended Complaint paragraphs 42-59.) That entity was

designated as a Specially Designated National by the U.S. Department of the Treasury Office of Foreign Assets Control on October 23, 2020 and to the U.S. Department of Commerce Bureau of Industry and Security Entity List on May 19, 2023. The entity was sanctioned by the United Kingdom on March 24, 2022 and has also been sanctioned by Switzerland. (Amended Complaint paragraph 33.)

   i. The evidence in these paragraphs also supports the charges listed in Counts Five and Six of the Amended Complaint.

c. The co-conspirators' successful procurement of U.S. Company 2's evaporation pellets in September 2023. By this time, the Russian entity that received the evaporation pellets, Vakuum (described in the Amended Complaint), had already been designated as a Specially Designated National on February 24, 2023. (Amended Complaint paragraphs 60-69.) The Amended Complaint further describes the evidence establishing that Bauman State Technical University or "MSTU named after N.E. Bauman" was the intended end user of the evaporation pellets. This entity was added to the Specially Designated Nationals List on November 2, 2023. (Amended Complaint paragraphs 36, 61.)

d. The co-conspirators' attempted violation of U.S. export control laws through the procurement of U.S. Company 3's 5100-K and 5100-F electronics modules in July and August 2022. (Amended Complaint paragraphs 70-78.)

e.  The co-conspirators' attempted violation of U.S. export control laws through the attempted procurement of semiconductor manufacturing and testing equipment from U.S. Company 4 in April 2022. (Amended Complaint paragraphs 79-86.) The co-conspirators were working with multiple potential end users for this product. One of those potential end users was MPI Volna, which was added to the Entity List on March 9, 2022, and sanctioned by the European Union on March 15, 2022. (Amended Complaint paragraph 34.)

    i.  The evidence in these paragraphs also supports the charges listed in Counts Three and Four of the Amended Complaint.

f.  The co-conspirators' successful acquisition of an Elmo Rietschle G-BH1—2BH100-0AB32 24V DC side channel blower from German Company 1 in December 2022 and re-export of the good to Russia. The co-conspirators obtained the good from German Company 1 and did not disclose that the product was intended for a prohibited end user. (Amended Complaint paragraphs 87-94.) The intended end user of this product was Federal State Unitary Enterprise Dukhov Automatics Research Institute ("VNIIA"). Effective February 24, 2022, VNIIA was added to the Entity List. On February 24, 2023, VNIIA was added to the Specially Designated Nationals List. VNIIA was sanctioned by the European Union on February 25, 2022. (Amended Complaint paragraph 32.)

g. Evidence that KIRAKOSYAN informed Russian Co-Conspirator 1 of ways to avoid international sanctions against Russia by opening a bank account in Armenia. (Amended complaint paragraph 97.)

h. Evidence of Vakuum doing business with VNIIA specifically informing Vakuum that VNIIA had been sanctioned by the U.S. on December 23, 2020. (Amended Complaint paragraph 96.)

i. Evidence that the co-conspirators actively colluded to hide the intended end user of U.S. Company 1's product from U.S. Company 1. (Amended Complaint paragraph 98.)

j. Evidence that Russian Co-Conspirator 1 knew that Vakuum had been added to the Specially Designated Nationals List in February 2023 and nonetheless the co-conspirators obtained U.S. Company 2's evaporation pellets in September 2023. (Amended Complaint paragraph 99.)

k. Additional evidence of the existence, duration, and objects of the criminal enterprise. (Amended Complaint paragraphs 100-103.)

l. Additional evidence of Vakuum's extensive ties with sanctioned entities to include the Budker Institute for Nuclear Physics, Bauman State Technical University, JSC NIIEFA, NM-Tekh, and ZNTC. (Amended Complaint paragraph 104.)

9. Count Two alleges that KIRAKOSYAN entered into a conspiracy to obstruct the lawful functions of the U.S. government in the administration of U.S. export control and criminal laws. The Amended Complaint in its entirety describes the background of the conspiracy, specific criminal acts taken in furtherance of the conspiracy, communications among the co-

conspirators, communications between the co-conspirators and U.S. persons, and additional details. I direct the reader to the Amended Complaint for details of the conspiracy. Among the details described in the Amended Complaint are:

    a. The co-conspirators' successful and attempted transactions with entities sanctioned by the U.S. Department of Treasury Office of Foreign Assets Control, U.S. Department of Commerce Bureau of Industry and Security, and the European Union.

    b. The co-conspirators' provision of false information about the intended end users of controlled U.S.-origin items, thereby impeding multiple federal agencies in the administration of U.S. export control laws.

    c. The co-conspirators' successful and attempted export and re-export of controlled U.S.-origin goods, in violation of the Export Control Reform Act and the smuggling statute. These efforts obstructed the lawful functions of the U.S. Department of the Treasury, U.S. Department of Commerce, and U.S. Customs and Border Protection, as set forth in the Amended Complaint.

### Identification of Kamo KIRAKOSYAN

10. KIRAKOSYAN's electronic storage accounts include evidence of his identity. Among other things, he corresponded with others and routinely identified himself as "Kamo" and was addressed as "Kamo." He also used his full name Kamo KIRAKOSYAN, with an address in Yerevan, Armenia, and banking information with personal identifying information, in communications with third parties and on various documents, including payment invoices and bank transfers. A significant portion of the evidence of his involvement in the criminal

7

enterprise comes directly from accounts in his possession and control. In addition, he stored copies of identification documents in his cloud storage, including a copy of the Armenian passport that is attached as Exhibit D1 to AUSA Srinivasan's Affidavit. KIRAKOSYAN is described as a Caucasian male with brown eyes who was born on December 20, 1961 in Armenia. I have reviewed the photograph and compared it to other photographs of KIRAKOSYAN contained in KIRAKOSYAN's cloud storage account, which was used directly in the commission of the charged offenses as the iCloud email address from which he corresponded with co-conspirators and others, and the person depicted in the passport is the individual whose extradition is sought.

*William Moulds*
William Clarence Moulds
Special Agent
Department of Commerce, Bureau of
Industry and Security

Affidavit attested to me as true and accurate telephonically pursuant to Federal Rule of Criminal Procedure 4.1 on September __26th__, 2024

_____
Dustin M. Howell
United States Magistrate Judge