UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | No. 1:25-CR-00366-ADA |
| (2) KAMO KIRAKOSYAN, *Defendant* | § § § § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, here, Defendant's participation in a scheme to evade U.S. export laws and sanctions to facilitate forwarding restricted goods from his native Armenia to Russia for use in its military, and particularly, nuclear, program, along with the significant prison time Defendant would face if convicted;

- the weight of the evidence against the person, including testimony from Government agents who carried out the investigation, evidence of communications between Defendant and co-conspirators in furtherance of the scheme, and documentary evidence showing Defendant's role;

1

- the history and characteristics of the person, including his lack of ties to the community, lack of legal presence in the United States, and substantial ties to foreign countries; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, particularly the national-security risks posed by Defendant's alleged conduct.

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED September 16, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE